UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Plaintiff,    ) | Case No. 1:06-cr-287 |
| ) | |
| v.    ) | Honorable Gordon J. Quist |
| ) | |
| ERIC WOODY,    ) | |
| ) | |
| Defendant.    ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on June 15, 2007, after receiving the written consent of defendant and all counsel. At the hearing, defendant Eric Woody entered a plea of no contest to counts 1 and 2 of the Indictment charging him with conspiracy to commit wire fraud and theft of government property (count 1) and wire fraud (count 2), in violation of 18 U.S.C. § 1343. On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

The request to enter a plea of *nolo contendere* is based upon defendant's inability to articulate a factual basis for the plea, arising from cognitive deficiencies and a borderline I.Q. These deficits were documented in a forensic evaluation by Jeffrey Kieliszewski, Ph.D., dated June 1, 2007.

Dr. Kieliszewski nevertheless found defendant competent to stand trial. The factual basis for the plea was provided by the testimony of Postal Inspector Laura Mahlke and Government Exhibits 1 and 2.

All parties have requested that the court dispense with a presentence report and proceed to sentencing as soon as possible. *See* Motion, docket # 55).

The Superseding Information (docket # 35) should be dismissed at sentencing.

I therefore recommend that defendant's plea of no contest to counts 1 and 2 of the Indictment be accepted and that the court adjudicate defendant guilty of the charge. Acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.

The Clerk is directed to procure a transcript of the plea hearing for review by the District Judge.


Dated:  June 15, 2007                          /s/  Joseph G. Scoville
                                               U.S. Magistrate Judge


### NOTICE TO PARTIES

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d). A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).